Lawrence D. BOCKAR, M.D.,
Plaintiff–Appellant,

v.

William PATTERSON, Jr., and Rocky Mountain Osteopathic Hospital Association, Defendants–Appellees.

No. 93CA1933.

Colorado Court of Appeals,
Div. V.

Oct. 20, 1994.

Rehearing Denied Dec. 8, 1994.

Certiorari Denied July 31, 1995.

Beem & Mann, P.C., Clifford L. Beem, Stuart D. Mann, Janet K. Hill, Denver, for plaintiff-appellant.

Yu, Stromberg, Huotari & Cleveland, a Professional Corp., Wallis S. Stromberg, Rebecca G. Gannon, Denver, for defendants-appellees.

Opinion by Judge BRIGGS.

Plaintiff, Lawrence D. Bockar, M.D., appeals the awards of attorney fees to defendants, William P. Patterson, Jr., and the Rocky Mountain Osteopathic Hospital Association. We affirm.

Plaintiff commenced this action in January 1990. After two different counsel withdrew, plaintiff continued to pursue the action *pro se*. The court rescheduled the trial date from April 1991 to September 30, then entered an order noting the record reflected consistent delays caused by plaintiff and stating there would be no further delays.

Three weeks before trial was to begin, plaintiff notified defendants he would not appear the next day for his scheduled deposition because he was required to appear in county court on another matter. However, the record indicates that an attorney appeared instead of plaintiff at the county court hearing, which lasted approximately five minutes.

Plaintiff failed to appear for his deposition. Defendants filed a motion for dismissal as a sanction. In response, plaintiff requested another continuance in the trial date, asserting that he had to be in Florida to testify in another case.

The trial court refused plaintiff's motion for continuance and dismissed the case. The court also awarded defendants their attorney fees under § 13–17–101, et seq., C.R.S. (1987 Repl. Vol. 6A), finding that plaintiff had caused consistent delays in the case, that he had made no attempt to deal with conflicting dates so he could pursue the case, and that he had acted intentionally to avoid going to trial as scheduled and to delay the proceedings. The court alternatively awarded defendants a portion of their attorney fees under C.R.C.P. 37 for plaintiff's willful failure to attend his deposition. On appeal of those rulings, another division of this court remanded for further proceedings and findings pursuant to § 13–17–102(6), C.R.S. (1987 Repl Vol. 6A). *Bockar v. Patterson*, (Colo. App. No. 91CA1827, January 14, 1993) (not selected for official publication).

On remand, after an evidentiary hearing, the trial court made findings as required under § 13–17–102(6). These included that plaintiff knew or reasonably should have known that his action was substantially vexatious, as he had not appeared for his deposition, that he had made constant requests for continuances, and that he had then arranged not to appear for trial. The court made additional specific findings as to the factors listed in § 13–17–103, C.R.S. (1987 Repl.Vol. 6A), then reaffirmed the previous awards and allocated fees attributable to discovery sanctions.

## I.

Plaintiff contends that the trial court erred in awarding fees based on his conduct during litigation. He argues that, under § 13–17–102(6), arbitrary, vexatious, abusive, or stubbornly litigious conduct by a *pro se* litigant cannot serve as the basis for awarding attorney fees if the action or defense is not itself frivolous or groundless. We disagree.

Section 13–17–102(4), C.R.S. (1987 Repl. Vol. 6A) provides in pertinent part:

The court shall assess attorney fees if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures.... As used in this article, 'lacked substantial justification' means substantially frivolous, substantially groundless, or substantially vexatious.

This statutory requirement is qualified by § 13–17–102(6). It provides that attorney fees may not be assessed against a party appearing without an attorney unless the court finds that the party "clearly knew or reasonably should have known that the action or defense, *or any part thereof,* lacked substantial justification." (emphasis added).

In *Artes–Roy v. Lyman,* 833 P.2d 62 (Colo. App.1992), a division of this court held that a judgment for attorney fees could not stand against the plaintiffs, who had appeared without an attorney, because the trial court failed to find that the plaintiffs clearly knew or reasonably should have known that filing of the suit lacked substantial justification. However, we do not read the case as supporting the proposition that an award of fees against a party appearing without an attorney can never stand unless the action or defense itself lacks substantial justification. No claim of vexatious conduct was made in *Artes–Roy,* and the court had no occasion to address it.

A vexatious claim is one brought or maintained in bad faith to annoy or harass. It may include conduct that is arbitrary, abusive, stubbornly litigious, or disrespectful of truth. *Cf. Western United Realty, Inc. v. Isaacs,* 679 P.2d 1063 (Colo.1984); *Stegall v. Stegall,* 756 P.2d 384 (Colo.App.1987).

Here, the record supports the trial court's finding that plaintiff clearly knew or reasonably should have known that his action was substantially vexatious. Further, the court's findings comply with the requirements of §§ 13–17–102(6) and 13–17–103(1). We therefore conclude that the awards were within the trial court's discretion, and we will not overturn them. *See Haney v. City Court,* 779 P.2d 1312 (Colo.1989).

## II.

Plaintiff additionally contends that the allocation of fees for the discovery violations was inappropriate and unsubstantiated. Because we have concluded that the awards for attorney fees, which included discovery costs, are appropriate under §§ 13–17–102(4), 13–17–102(6), and 13–17–103, we need not consider whether a portion of the awards is also appropriate under C.R.C.P. 37(d).

We do not find this appeal to be frivolous. We therefore deny defendants' request for an additional award of fees. *See* C.A.R. 38(d).

Judgment affirmed.

RULAND and TAUBMAN, JJ., concur.