**PUEBLO SCHOOL DISTRICT No. 60; Robert F. Moore, Jr.; and William Thiebaut, Jr., Plaintiffs–Appellants and Cross–Appellees,**

v.

**COLORADO HIGH SCHOOL ACTIVITIES ASSOCIATION, Defendant–Appellee and Cross–Appellant.**

No. 99CA2089.

Colorado Court of Appeals. Division V.

Nov. 24, 2000.

Rehearing Denied Jan. 11, 2001.

Certiorari Denied Aug. 20, 2001.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.2000.

Petersen, Fonda, Farley, Mattoon, Crockenberg and Garcia, P.C., Thomas T. Farley, Pueblo, CO, for Plaintiffs–Appellants and Cross–Appellees.

Caplan and Earnest LLC, Alexander Halpern, W. Stuart Stuller, Boulder, CO, for Defendant–Appellee and Cross–Appellant.

Opinion by Judge NIETO.

Plaintiffs, Pueblo School District No. 60 (school district), Robert F. Moore, Jr., and William Thiebaut, Jr., appeal that part of the judgment of the trial court dismissing their complaint in which they alleged that defendant, Colorado High School Activities Association (CHSAA), had violated the Open Meetings Law, § 24–6–401, et seq., C.R.S.2000. We affirm the judgment.

Plaintiffs challenged a decision by CHSAA to classify Pueblo South High School as a 5A school for all competitive activities, except for football, as to which the school was classified as a 4A institution. Plaintiffs' claims for violation of the Open Meetings Law were dismissed after a trial to the court.

CHSAA is a voluntary unincorporated association of approximately 265 public senior high schools and 35 private schools in Colorado. CHSAA organizes member schools into classifications for the purpose of pairing schools for competitive activities such as sports and other interscholastic competition.

■ The school district submitted a petition to CHSAA seeking to have the classification of Pueblo South High School changed to 4A. CHSAA considered the petition, but did not grant the relief requested. The plaintiffs then initiated this action alleging that CHSAA had failed to comply with the notice provisions of § 24–6–402, C.R.S.2000, before conducting the meetings at which the petition was denied. CHSAA denies that it is subject to the Open Meetings Law. We do not reach the merits of this issue because we conclude that, because plaintiffs had actual notice of the meetings, they lacked standing to bring this complaint.

■ For a party to have standing to sue, he or she must have "suffered injury in fact to a legally protected interest as contemplated by statutory or constitutional provisions." *Wimberly v. Ettenberg,* 194 Colo. 163, 168, 570 P.2d 535, 539 (1977). A court does not have subject matter jurisdiction if a plaintiff lacks standing to invoke its judicial power. *City of Greenwood Village v. Petitioners for the Proposed City of Centennial,* 3 P.3d 427 (Colo.2000); *Hall v. Walter,* 969 P.2d 224 (Colo.1998).

■ Requiring one bringing suit to have standing prevents litigants from asserting rights or legal interests of others. *Warth v. Seldin,* 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); *Cloverleaf Kennel Club, Inc. v. Colorado Racing Commission,* 620 P.2d 1051 (Colo.1980). However, even without alleging a direct economic injury, a litigant may still have standing if he or she alleges a constitutional infringement. *See Dodge v. Department of Social Services,* 198 Colo. 379, 600 P.2d 70 (1979).

Colorado's Open Meetings Law was enacted to ensure that "the formation of public policy is public business and may not be conducted in secret." Section 24–6–401, C.R.S.2000. However, the plaintiffs do not claim they did not have notice of the CHSAA meetings where the petition was denied; indeed, they concede they had actual knowledge of both meetings.

Plaintiffs do not otherwise point to any direct injury they suffered as a result of the alleged violation of the Open Meetings Law. Nor do they allege a constitutional infringement that might allow an indirect harm to establish standing. *See, Dodge v. Department of Social Services, supra; Flast v. Cohen,* 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968).

■ Plaintiffs rely on § 24–6–402(9), C.R.S.2000, which states: "The courts of record of this state shall have jurisdiction to issue injunctions to enforce the purposes of this section *upon application by any citizen of this state.*" (emphasis added) Plaintiffs argue that this legislative declaration grants standing to all citizens because the intended protections of the Open Meetings Law are for all citizens.

■ However, standing is not a requirement that may be abrogated by statute. A

plaintiff may not invoke the power of the judicial branch of government without standing. *Tennessee Electric Power Co. v. Tennessee Valley Authority*, 306 U.S. 118, 59 S.Ct. 366, 83 L.Ed. 543 (1939); *Wimberly v. Ettenberg, supra.*

While a statute may purport to grant a cause of action to a large group of persons, a plaintiff must, nevertheless, suffer an injury in fact. *See Hall v. Walter, supra,* 969 P.2d at 230 (holding that the declaration in Colorado Consumer Protection Act that the Act "shall be available to any person" does not permit a claim for relief when that person does not have standing).

We conclude that the trial court was correct in ruling that the plaintiffs did not have standing to assert a claim under the Open Meetings Law, and thus, dismissal of the action was proper.

The judgment is affirmed.

RULAND and ROY, JJ., concur.