**CONSUMER CRUSADE, INC.,**
a Colorado corporation,
**Plaintiff–Appellant,**

v.

**CLARION MORTGAGE CAPITAL, INC., Defendant–Appellee.**

No. 07CA0924.

Colorado Court of Appeals,
Div. V.

Oct. 16, 2008.

§ 24–51–1105, C.R.S.2008.

The Demirali Law Firm, P.C., A.M. Demirali, Denver, Colorado, for Plaintiff–Appellant.

Bloom Murr & Accomazzo, P.C., Eric P. Accomazzo, Eric R. Coakley, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge DAILEY.

In this action brought under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 (2007), plaintiff, Consumer Crusade, Inc. (Consumer), appeals the district court's judgment dismissing its claims against defendant, Clarion Mortgage Capital, Inc. (Clarion), and its order awarding Clarion approximately $68,400 in attorney fees and costs. We affirm.

## I. Background

In January 2004, Consumer instituted the present lawsuit, alleging Clarion violated the TCPA by sending, or authorizing others to send on its behalf, hundreds of unsolicited and unwanted facsimile transmissions advertising Clarion's services. Consumer had not been the recipient of those faxes but had obtained assignments of rights under the TCPA from those recipients.

The trial court denied Clarion's motions to dismiss on jurisdictional grounds and for summary judgment (the latter motion alleging Consumer lacked standing to bring TCPA claims because TCPA claims are not assignable).

Ten days before the date scheduled for trial, Consumer provided Clarion its trial exhibits and witness list. Clarion responded with a motion in limine, contending that, inasmuch as Clarion's faxes and assignments could not be authenticated, they were inadmissible hearsay and could not be admitted at trial.

The trial court vacated and reset the trial date.

In April 2006, Clarion filed an amended motion in limine, making the same arguments, supported now by a decision of the federal district court on the very same issues, and in a case involving Consumer itself. In July 2006, the trial court agreed with Clarion's position and required Consumer to identify within fifteen days witnesses who could testify as to the authenticity of the documents. The court stated, "If no such witnesses are disclosed … this case will be dismissed," and Clarion "is to submit a bill of costs."

After obtaining an extension of time to comply with the court's order, Consumer filed an amended identification of trial exhibits and witnesses, which the court again found insufficient because it failed to identify witnesses who had personal knowledge as to the sending or receiving of the facsimiles. In accord with the federal court decision, the trial court ruled that "[Consumer] must have witnesses with actual knowledge, not employees of [Consumer], to testify regarding the facsimile transmissions."

Nonetheless, the court gave Consumer additional time to comply with its order. At the expiration of that time, Consumer asked for, and was granted, another extension of time because "[Consumer] has been unable to obtain the information needed from each witness and finalize a response in compliance with the Court's Order."

In December 2006, Consumer sought yet another extension of time to provide this information. The trial court denied its motion, finding that it has "been given significant time in which to comply with this court's order. There will be no additional extensions of time granted. To rule otherwise would make a mockery of the discovery deadline."

Clarion moved for a judgment of dismissal based on Consumer's inability to prove that Clarion sent, or Consumer's assignors received, any faxes. The trial court granted Clarion's motion to dismiss: (1) under C.R.C.P. 37(b)(2)(C), as a sanction for failing to obey an order to provide discovery; (2) under C.R.C.P. 41(b)(2), for Consumer's failure to diligently prosecute the case (that is, after 3 years of litigation and 140 days following the court's first order, Consumer could present a case only with respect to 2 of the 414 faxes, and, even then, on the basis of a belatedly disclosed witness); and (3) because "without witnesses who can identify the facsimiles as communications they received, [Consumer's] claims are groundless and frivolous, and should be dismissed."

Thereafter, Clarion requested, and was granted, an award of attorney fees and costs under section 13–17–102, C.R.S.2008, against both Consumer and its counsel.

Consumer filed a motion to reconsider, asking the trial court to (1) dismiss its claims on other grounds, namely, Consumer's lack of standing to pursue TCPA claims; (2) stay the proceedings, pending the outcome of cases then pending on appeal and raising this same issue; and (3) "after the proposed stay is lifted ... [provide] appropriate notice, hearings, and supplemental filings" in the event the court still intended to sanction it.

The trial court denied Consumer's motion for reconsideration, finding as pertinent here:

[Consumer's] claims have already been dismissed and remain dismissed for the reasons stated in [the original] order. Further, [Clarion's] motions for costs and attorney's fees, which [Consumer] did not bother to attempt to dispute or controvert, met the statutory criteria for awarding a prevailing party costs and attorney's fees.

## II. Dismissal

Consumer contends that the trial court erred in dismissing the case for its failure to obey a discovery order or for its failure to diligently prosecute the action. We need not address Consumer's contention.

■ An appellate court may affirm a correct judgment based on reasoning different from that of the trial court. See Steamboat Springs Rental & Leasing, Inc. v. City & County of Denver, 15 P.3d 785, 786 (Colo. App.2000)).

Under the TCPA, a person or entity may bring an action to recover actual monetary loss or $500 in liquidated damages, whichever is greater, for each violation of the Act. See 47 U.S.C. § 227(b)(3). In addition, the TCPA authorizes a court, in its discretion, to treble the amount of that award if the TCPA was willfully or knowingly violated. Id.

In its C.R.C.P. 26(a)(1) disclosures, Consumer stated that it was seeking liquidated and treble damages for each violation. In Kruse v. McKenna, 178 P.3d 1198 (Colo. 2008)—a decision rendered after the trial court dismissed the present case—the su-

preme court held that (1) "a claim under the TCPA for $500 in liquidated damages per violation is a penalty that cannot be assigned," and (2) a party who asserts by assignment an unassignable claim for a penalty lacks standing to assert that claim. Id. at 1201–02.

■ Because Consumer asserted by assignment only unassignable claims for penalties under the TCPA, Consumer's action was properly dismissed with prejudice for lack of standing. Id. at 1202.

Because of the manner in which we have resolved this issue, we need not address Consumer's contention that the court erred in dismissing the action without first issuing an order to show cause why the action should not be dismissed for lack of discovery or diligent prosecution.

## III. Attorney Fees

Consumer contends that the trial court erred in awarding Clarion its attorney fees under section 13–17–102. We disagree.

### A. Court's Jurisdiction to Impose Sanctions

Initially, we reject Consumer's assertion that if, on standing grounds, the trial court lacked subject matter jurisdiction to adjudicate the merits of the action, then it also lacked jurisdiction to enter an award of attorney fees against Consumer.

■ "A court does not have subject matter jurisdiction if a plaintiff lacks standing to invoke its judicial power." Pueblo Sch. Dist. No. 60 v. Colo. High Sch. Activities Ass'n, 30 P.3d 752, 753 (Colo.App.2000).

Nonetheless, in Willy v. Coastal Corp., 503 U.S. 131, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992), the United States Supreme Court found that federal district courts may impose sanctions under Fed.R.Civ.P. 11 in cases where those courts are later found to lack subject matter jurisdiction. The Supreme Court ruled that a subsequent determination that a court lacks subject matter jurisdiction "does not automatically wipe out all proceedings had in the district court at a time when the district court operated under the misap-

prehension that it had jurisdiction." *Id.* at 137, 112 S.Ct. at 1080. The Court noted:

[An] imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate. Such an order implicates no constitutional concern because it "does not signify a district court's assessment of the legal merits of the complaint." It therefore does not raise the issue of a district court adjudicating the merits of a "case or controversy" over which it lacks jurisdiction.

*Id.* at 138, 112 S.Ct. at 1080–81 (citations omitted) (quoting *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 395–96, 110 S.Ct. 2447, 2456, 110 L.Ed.2d 359 (1990)).

We are persuaded by this analysis.

We note that Colorado has adopted a provision patterned after Fed.R.Civ.P. 11, *see* C.R.C.P. 11, which serves similar purposes to section 13–17–102: "both [C.R.C.P. 11 and section 13–17–102] impose sanctions against a party or its attorney for pursuing groundless or frivolous claims." *City of Aurora ex rel. Utility Enter. v. Colo. State Eng'r,* 105 P.3d 595, 619 (Colo.2005); *see also* § 13–17–101, C.R.S.2008 (attorney fees for substantially frivolous, groundless, or vexatious actions are recoverable because "courts … [are] becom[ing] increasingly burdened with litigation which is straining the judicial system and interfering with the effective administration of civil justice"); *Baldwin v. Bright Mortgage Co.,* 757 P.2d 1072, 1074 (Colo. 1988) (award of attorney fees under section 13–17–102 is separate from a decision on the merits).

■ Because section 13–17–102 sanctions are analogous to Rule 11 sanctions, we conclude that, like Rule 11 sanctions, section 13–17–102 sanctions may be imposed despite a court's lack of subject matter jurisdiction to adjudicate the underlying merits of the action. *See Olcott v. Delaware Flood Co.,* 76 F.3d 1538, 1553 (10th Cir.1996) (applying rationale of *Willy v. Coastal Corp.,* in context of sanctions imposed under Fed.R.Civ.P. 16(f) and 37(b) ); *cf. Brown v. Silvern,* 141 P.3d 871, 873–76 (Colo.App.2005) (trial court

had subject matter jurisdiction to adjudicate sanctions under C.R.C.P. 37(b) and section 13–17–102, despite earlier voluntary dismissal of the case with prejudice).

## B. Analysis

■ A trial court has broad discretion in ruling on a request for attorney fees under section 13–17–102, and its ruling will not be overturned on appeal absent an abuse of discretion. *New Design Constr. Co. v. Hamon Contractors, Inc.,* — P.3d —, —, 2008 WL 2522306 (Colo.App. No. 06CA2011, June 26, 2008).

As Consumer points out, a court may not treat as confessed an unopposed motion for attorney fees under section 13–17–102; the court must, regardless of the opposing party's failure to respond, analyze the fee request under the statute. *See Artes–Roy v. Lyman,* 833 P.2d 62, 63 (Colo.App.1992). Here, contrary to Consumer's assertion, the court did not award fees to Clarion simply because Consumer had not opposed Clarion's request. Although it noted Consumer's failure to respond to Clarion's request, the court went on to hold that the fees were justified under the applicable statutory criteria.

Section 13–17–102(4), C.R.S.2008, provides for an award of attorney fees if the court "finds that an attorney or party brought or defended an action … that lacked substantial justification." "As used in this article, 'lacked substantial justification' means substantially frivolous, substantially groundless, or substantially vexatious." *Id.*

■ "[A] claim … is groundless if the proponent's allegations, while sufficient to survive a motion to dismiss for failure to state a claim, are not supported by any credible evidence at trial." *Brown,* 141 P.3d at 875. "The test for groundlessness is based on the presumption that the proponent has a valid legal theory, but can offer little or no evidence to support the claim." *Redmond v. Chains, Inc.,* 996 P.2d 759, 765 (Colo.App. 2000).

■ A claim is vexatious if brought or maintained in bad faith to annoy or harass another; vexatiousness includes "conduct

that is arbitrary, abusive, stubbornly litigious, or disrespectful of truth." *Bockar v. Patterson,* 899 P.2d 233, 235 (Colo.App.1994).

In this case, the court did not find that Consumer's case was groundless because it lacked standing. The court erroneously (it turns out) concluded that Consumer did have standing. Nonetheless, it found that Consumer's case on the merits was groundless because "based on the evidence available, save for two facsimiles, [Consumer] can present no rational argument to support its claims. And as to the two facsimiles that can allegedly be authenticated, [Consumer's] disclosure of [the witness] was untimely and in violation of the Court's orders."

Under the TCPA, Consumer, as the plaintiff, bore the burden of producing evidence that it (or, as alleged here, its assignors) received commercial advertisements from Clarion by facsimile without their consent. 47 U.S.C. § 227(b)(1)(C). Here, the trial court correctly ruled that, to make its case, Consumer would have to produce individuals having personal knowledge that those faxes had been received unsolicited. *See* CRE 901 (authentication or identification of evidence).

■ The trial court found that, as of March 2007 (after the case had been dismissed), Consumer had been able to produce only one affidavit of a recipient who could provide the requisite foundation for the admission of but two faxes.

Consumer argues otherwise on appeal. In its opening brief, and at oral argument, Consumer asserted that it produced the requisite affidavits of all the fax recipients, in or as part of its August 2006 amended identification and trial exhibits. That is not, however, the position Consumer took when, in November 2006, it asked for an extension of time within which to comply with the court's order.

In its November 2006 motion, Consumer related,

> [Consumer's] assignors are *third party* individuals and businesses who have assigned their right, title and interest under the TCPA to [Consumer].... There are over 400 junk faxes submitted by over 200 assignors. Thus far, [Consumer] has been unable to obtain the information needed from each witness and finalize a response in compliance with the Court's Order.

Although Consumer subsequently changed tack and argued that its disclosures were sufficient, we have no way of assessing Consumer's argument. The affidavits upon which Consumer relies are not in the record.

■ A judgment entered by a court of general jurisdiction is presumed to be correct. Thus, where, as here, the appealing party fails to provide us with a record that reveals an asserted error, we must presume the correctness of the trial court's proceedings. *People v. Ullery,* 984 P.2d 586, 591 (Colo.1999); *see also Dillen v. HealthOne, L.L.C.,* 108 P.3d 297, 300 (Colo.App.2004) ("A judgment is presumed to be correct until it is affirmatively proved otherwise; thus, the party asserting error on appeal must present a record that discloses the error.").

Thus, we presume the trial court correctly determined that Consumer belatedly disclosed but one affidavit, with the requisite information about only two of the 414 faxes.

In *Harrison v. Smith,* 821 P.2d 832 (Colo. App.1991), a division of this court affirmed an award of section 13–17–102 attorney fees when, although credible evidence existed that could have been produced at trial, the plaintiff failed to obtain and designate the necessary witnesses for trial. The division determined that the plaintiff's claims were groundless at trial. *Id.* at 834–35.

In this case, Consumer was on notice of its evidentiary problem for sixteen months after Clarion's initial motion in limine, and Consumer sought, and was granted, extensions of time, totaling 140 days from the court's order recognizing the problem, to remedy the problem. Nevertheless, Consumer was unable to produce the requisite foundation for the evidence, except in an untimely manner and, even then, only with respect to two faxes.

■ We note that, at one point, Consumer represented to the trial court that it had 25 to 30 witnesses with first-hand knowledge about the faxes. But, from the record before us, it appears that Consumer produced evidence of only one such witness.

In holding Consumer's claims groundless and frivolous, the trial court noted:

> [Consumer] cannot dispute the fact that this case is now in its fourth year of litigation. If [Consumer] has not been able to put a case together—based on admissible evidence—by now, there is no reason to believe it would be able to do so in another 3 years. Nor is it fair to require [Clarion] to continue to litigate these claims when [Consumer] has failed to show it can prosecute this action after such a long period of time....
>
> [W]ithout witnesses who can identify the facsimiles as communication they received, [Consumer's] claims are groundless and frivolous, and should be dismissed.

Where, as here, a party persists in pursuing a claim, despite knowing that it lacks admissible evidence to support that claim, the claim may properly be characterized as substantially groundless, *see Harrison,* 821 P.2d at 834–35, and the party's conduct, as substantially vexatious, *see Bockar,* 899 P.2d at 235. Thus, the trial court did not abuse its discretion in awarding Clarion attorney fees under section 13–17–102.

In so concluding, we necessarily reject Consumer's argument that fees could not have been awarded without first holding a hearing. Clarion's motions for fees and costs stood unopposed for over a month before the trial court entered its award. While Consumer asked for a hearing in its motion for reconsideration, that request was untimely. *See* C.R.C.P. 121 § 1–22(2)(b)–(c) & § 1–15(1) (ordinarily, party opposing attorney fees has fifteen days from the filing of the motion for attorney fees to request a hearing).

In failing to timely request a hearing concerning an award of attorney fees, Consumer waived its right to a hearing. *See Webster v. Boone,* 992 P.2d 1183, 1188 (Colo. App.1999).

The judgment and order are affirmed.

Judge HAWTHORNE and Judge RICHMAN concur.