23CA1375 & 23CA2187 In Interest of AME 04-16-2026

COLORADO COURT OF APPEALS

---

Court of Appeals Nos. 23CA1375 & 23CA2187
Douglas County District Court No. 08JV35
Honorable H. Clay Hurst, Judge
Honorable Ben Leutwyler, Judge

---

In the Interest of A.M.E., n/k/a A.M.H., a Child,

and Concerning J.L.E.,

Appellant,

and

J.J.H.,

Appellee.

---

ORDERS AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division V
Opinion by JUDGE LUM
Freyre and Grove, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 16, 2026

---

J.L.E., Pro Se

Jennifer Anntoinette Rivera, Denver, Colorado, for Appellee

¶ 1    Mother, J.L.E., appeals two district court orders adopting orders entered by the magistrate on November 23 and November 30, 2022.  We affirm.

I.    Background and Procedural History

¶ 2    Mother and J.J.H. (father) have been engaged in a protracted battle over child support arrearages since 2013.

¶ 3    In 2018, father moved for a satisfaction of judgment, asserting that he had paid his outstanding child support arrearages.  In 2021, after significant litigation, the magistrate entered an order granting father's motion (satisfaction of judgment order).  In the satisfaction of judgment order, the magistrate concluded that "there are no outstanding child support arrearages"; entered a satisfaction of judgment; and ordered mother to pay $15,000 of father's attorney fees under section 13-17-102, C.R.S. 2025.  Mother petitioned for review of this order (2021 petition for review),[1] and father requested that the district court award him an additional $3,500 in attorney

_____

[1] Mother filed both a petition for review and amended petition for review of the 2021 satisfaction of judgment order.  Our reference to the "2021 petition for review" includes both petitions unless stated otherwise.

1

fees incurred in connection with the 2021 petition of review under section 13-17-102.

¶ 4     On March 17, 2022, the district court adopted the magistrate's satisfaction of judgment order.[2]  The court remanded the case to the magistrate for a ruling on father's attorney fees request.  The magistrate scheduled a hearing on attorney fees for November 30, 2022.

¶ 5     On October 28, 2022, mother filed a motion to disqualify the magistrate from presiding over all future proceedings in the case, including the attorney fees hearing (motion to disqualify).  Mother also requested attorney fees.

¶ 6     On November 23, 2022, the magistrate denied mother's motion to disqualify.  We will refer to this order as the "November 23 order."  The attorney fees hearing proceeded as scheduled.

¶ 7     On November 30, 2022, the magistrate entered an order finding that mother's actions in filing the 2021 petition for review lacked substantial justification.  *See* § 13-17-102(4).  The

---

[2] Mother appealed the district court's order adopting the magistrate's satisfaction of judgment order.  A division of this court affirmed.  *In Interest of A.M.E.,* (Colo. App. No. 22CA0728, Mar. 9, 2023) (not published pursuant to C.A.R. 35(e)).

magistrate awarded father $3,500 in attorney fees incurred in connection with defending against the petition. We will refer to this order as the "November 30 order."

¶ 8    Mother petitioned the district court for review of the magistrate's November 23 and November 30 orders. On June 27, 2023, the district court adopted the magistrate's November 23 order. On April 9, 2025, the district court adopted the magistrate's November 30 order.[3] Mother appeals the district court's adoption of the magistrate's orders.

¶ 9    In connection with the November 23 order, mother argues that the district court erred by (1) adopting the magistrate's ruling denying mother's motion to disqualify; (2) denying mother's request for an award of attorney fees; and (3) reiterating that the magistrate's satisfaction of judgment order resolved all claimed child support arrearages.

---

[3] The district court's delay in addressing the magistrate's November 30 order was the result of a docketing error and was the subject of an order to settle the record, issued by this court on December 3, 2024. We stayed this proceeding while the district court settled the record and decided mother's petition for review of the magistrate's November 30 order.

¶ 10    In connection with the November 30 order, mother argues that (1) the magistrate's orders show judicial bias; (2) the magistrate acted in excess of her authority by awarding father attorney fees in connection with the 2021 petition for review; (3) the magistrate substantively erred by awarding father attorney fees incurred in connection with the 2021 petition for review; and (4) the magistrate and the district court erred by concluding that the satisfaction of judgment order resolved all claimed child support arrearages.

¶ 11    We first address the disqualification and bias claims together. Second, we address mother's contentions relating to the November 23 order's denial of her request for attorney fees. Third, we address mother's contention that the magistrate acted in excess of her authority by ruling on the attorney fees issue. Fourth, we address mother's arguments pertaining to the substance of the magistrate's award of attorney fees. Fifth, we address mother's contentions regarding the magistrate's and the district court's descriptions of the satisfaction of judgment order as resolving all outstanding child support arrearages. Finally, we address mother's and father's requests for appellate attorney fees.

## II.    General Standard of Review

¶ 12    "Our review of a district court's order adopting a magistrate's decision is effectively a second layer of appellate review." *In re Marriage of Thorburn*, 2022 COA 80, ¶ 25. We accept the magistrate's factual findings unless they are clearly erroneous, meaning they have no support in the record. *Id.* However, we review questions of law de novo. *Id.* at ¶ 26.

## III.    Disqualification and Bias

¶ 13    Mother contends that the district court erred by adopting the magistrate's ruling denying her motion to disqualify. We disagree.

### 1.    Applicable Law and Standard of Review

¶ 14    "A basic principle of our system of justice is that judges 'must be free of all taint of bias and partiality.'" *People in Interest of A.P.*, 2022 CO 24, ¶ 25 (quoting *People v. Julien*, 47 P.3d 1194, 1197 (Colo. 2002)). Thus, under C.R.C.P. 97, a judge's "disqualification is appropriate when the motion and supporting affidavits allege sufficient facts from which it may reasonably be inferred that the judge is prejudiced or biased, or appears to be prejudiced or biased, against a party or counsel to the litigation." *Bocian v. Owners Ins. Co.*, 2020 COA 98, ¶ 13. A judge must disqualify herself if the

5

judge "has a bias or prejudice that in all probability will prevent h[er] . . . from dealing fairly with a party" or if her "involvement with a case might create the *appearance* of impropriety." *Id.* at ¶ 14 (citations omitted).

¶ 15 "In ruling on . . . a motion to disqualify, a judge must accept the factual statements contained in the motion and affidavits as true and determine as a matter of law whether they allege legally sufficient facts for disqualification." *Id.* at ¶ 15. Opinions or conclusions that are unsubstantiated by facts supporting a reasonable inference of actual or apparent bias are insufficient to require disqualification. *Id.*

¶ 16 A judge's decision about whether to disqualify herself is discretionary. *Id.* at ¶ 12. A judge abuses her discretion if she fails to disqualify herself in the face of a legally sufficient motion. *Id.* We review de novo the legal sufficiency of a motion to disqualify. *Id.*

## 2. Analysis

¶ 17 In her opening brief, mother contends that the district court erred by concluding that (1) she waived her disqualification claims based on allegations arising from events occurring on or before December 10, 2021; and (2) her remaining allegations didn't merit

relief. Mother's arguments in her supplemental opening brief are somewhat more difficult to discern. As best we understand her, she contends that the magistrate's rulings regarding the attorney fees issue collectively demonstrated bias. We perceive this as an extension of her argument that the magistrate erred by denying her motion to disqualify (and that the district court erred by adopting that ruling). We disagree.

¶ 18     Assuming, without deciding, that the district court erred by concluding that mother waived any disqualification arguments relating to earlier actions by the magistrate, mother's allegations — even accepted as true — are legally insufficient to require the magistrate's disqualification.

¶ 19     As best we understand her briefing, mother argues that the magistrate was biased or appeared to be biased because she

- restricted the scope of the attorney fees hearing and declined to hear mother's argument relating to alleged misrepresentations by father or his counsel;

- denied mother's requests to propound discovery;

- "set[] aside her own [o]rder," in excess of her authority;

7

- "[g]ranted [father's] request for a hearing on a judgment [the magistrate] knew was void";

- disadvantaged mother by conducting the satisfaction of judgment hearing by telephone;

- ruled in father's favor even though the record contradicted his testimony;

- denied mother's motion to disqualify "within the hour, without findings";

- "consistently ruled on issues not before the [c]ourt";

- sustained father's objections while overruling mother's or cutting mother off;

- issued other orders that "disregard[ed] legal authority," were "vague," and were inconsistent with the record (particularly, those pertaining to the magistrate's award of father's attorney fees connected with the satisfaction of judgment order); and

8

- expressed frustration with mother during a hearing.[4]

¶ 20    In sum, mother's motion for disqualification is based almost entirely on the magistrate's adverse rulings. "Adverse rulings, standing alone, do not constitute grounds for recusal." *In re Marriage of McSoud*, 131 P.3d 1208, 1223 (Colo. App. 2006). Any legal or factual errors contained in those rulings are "proper grounds for appeal, not for recusal." *A.P.*, ¶ 32; *see also Schupper v. People*, 157 P.3d 516, 521 n.5 (Colo. 2007) ("[R]ulings of a judge, although erroneous, numerous and continuous, are not sufficient in themselves to show bias or prejudice." (citation omitted)).

¶ 21    Mother's only allegation not grounded in an adverse ruling is the magistrate's remark that she "share[d] [father's] frustration [with mother] beyond words." But a judge's remarks during the course of trial that are "critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *People v. Dobler*, 2015 COA 25, ¶ 26

---

[4] We decline to consider any additional grounds for recusal that mother didn't raise in her opening brief or supplemental opening brief. *See In re Marriage of Dean*, 2017 COA 51, ¶ 31 (noting that we do not consider arguments raised for the first time in a reply brief or those that seek to expand upon the contentions made in the opening brief).

(quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Despite this expression of frustration, the record doesn't demonstrate that the magistrate had a "substantial bent of mind" against mother such that she could not fairly consider mother's arguments. *A.P.*, ¶ 30 (quoting *People v. Drake*, 748 P.2d 1237, 1249 (Colo. 1988)).

## IV. Mother's Request for Attorney Fees: November 23 Order

### A. Additional Facts

¶ 22    Mother's motion to disqualify additionally requested that mother be awarded attorney fees under section 13-17-102, for fees she purportedly paid to an attorney who helped her with drafting but hadn't filed an entry of appearance.

¶ 23    The November 23 order denied mother's motion generally but didn't address mother's attorney fees request in detail. However, the district court addressed mother's fees request and concluded that (1) to the extent mother's request pertained to court proceedings in which she represented herself, section 13-17-102 didn't permit an award of attorney fees to a pro se party; and (2) to the extent mother incurred fees when represented by counsel years ago, her request was untimely.

## B. Analysis

¶ 24    As best we can discern, mother contends that the district court erred by concluding she wasn't entitled to attorney fees because she "consulted" with counsel and incurred fees for those consultations, even if counsel didn't formally enter an appearance on mother's behalf. We disagree.

¶ 25    Assuming, without deciding, that an award of attorney fees under section 13-17-102 can include fees paid to an attorney for a consultation or on a limited representation basis, we perceive no error.

¶ 26    In support of her argument, mother cites three pages of the record, which she asserts show that she consulted with counsel. Those pages discuss court proceedings that occurred between approximately January 2019 and December 8, 2021 (the day of the satisfaction of judgment hearing), as well as fees related to those proceedings. Under C.R.C.P. 121, a party must file any request for attorney fees under section 13-17-102 "within 21 days of entry of judgment or such greater time as the court may allow." C.R.C.P. 121, § 1-22 cmt. 2(b). Mother doesn't cite anywhere in the record that shows she requested and received an extension of time to file

her fees request. Thus, her deadline to request fees in connection with those proceedings would have been — at the latest — December 31, 2021 (21 days after the satisfaction of judgment order). Because her request — filed on October 28, 2022 — is untimely, the district court didn't err by denying it.

V. Magistrate's Authority to Enter the November 30 Order

¶ 27 Mother contends that the magistrate's November 30 order was outside the scope of her authority.

A. Remand Power

¶ 28 First, mother argues that the district court didn't have the power to remand the attorney fees decision to the magistrate. We disagree.

¶ 29 At the time the district court ruled on the 2021 petition for review, a district court could only adopt, reject, or modify a magistrate's order. *See In re Marriage of Matheny*, 2024 COA 81, ¶ 2. And if it rejected an order, it couldn't remand the case for the magistrate to reconsider her ruling. *See id.* However, that isn't what happened here. The court adopted the satisfaction of judgment order in its entirety. It remanded only the issue of whether father was entitled to an award of attorney fees incurred in

responding to the 2021 petition for review. That remand didn't require the magistrate to reconsider or add to any prior ruling. Mother doesn't cite — and we can't find — any law supporting the proposition that remanding for such purpose is improper.

## B. Scope of Remand

¶ 30 Next, mother argues that the magistrate acted beyond her authority by finding that the 2021 petition for review lacked substantial justification because the district court "declined to make such a finding." We again disagree. The district court expressly remanded the consideration of this issue to the magistrate.

## VI. Section 13-17-102 Attorney Fees Award to Father

### A. Additional Facts and Procedural Background

#### 1. 2018 Default Judgment

¶ 31 Shortly after father filed his motion for satisfaction of judgment in 2018, mother filed a competing motion for judgment, asserting that father owed her an outstanding arrearage balance. After father failed to respond, mother filed a motion for entry of default judgment, which the court granted on April 18, 2018 (2018 default judgment).

¶ 32    Father later moved to set aside the 2018 default judgment under C.R.C.P. 60(b), explaining that his attorney had been hospitalized for a significant amount of time. In December 2018, the district court denied father's motion because "the [m]agistrate did not fully resolve the issue when she granted [m]other's [m]otion for [j]udgment while [f]ather's [m]otion for [s]atisfaction of [j]udgment [wa]s still pending."

¶ 33    In the satisfaction of judgment order, the magistrate referenced the 2018 default judgment and ruled that mother's "unnecessary and unreasonable expan[sion]" of the litigation had resulted in the court "inadvertently entering default orders in [mother's] favor." However, the satisfaction of judgment order didn't expressly vacate the 2018 default judgment. And the register of actions continues to list the default judgment as "unsatisfied."

### 2.    Attorney Fees Award Findings

¶ 34    Recall that in the November 30 order, the magistrate concluded that father was entitled to $3,500 in fees for defending against mother's 2021 petition for review. The magistrate found that mother's filings lacked substantial justification because (1) mother filed both a petition and an amended petition for review,

collectively totaling more than sixty pages, even though the satisfaction of judgment hearing was only two hours long; (2) mother's filings "contain[ed] arguments that were never made during the hearing"; (3) mother's filings "referenc[ed] exhibits that were not properly admitted into evidence"; (4) father had to respond to both petitions, "increasing his attorney fees substantially"; and (5) mother didn't prevail on any of her arguments.

¶ 35   In adopting the magistrate's order, the district court added that (1) mother knew or reasonably should have known that the substance of her arguments was meritless because they had repeatedly been addressed by the magistrate, the district court, and a division of this court; and (2) mother's actions were "stubbornly litigious, disrespectful of the truth, and vexatious."

### B.   Applicable Law and Standard of Review

¶ 36   Section 13-17-102(4) provides that "[t]he court shall assess attorney fees . . . if, upon the motion of any party . . . , the court finds that . . . [a] party brought or defended an action, or any part of an action, that lacked substantial justification."  An action lacks substantial justification if it is "substantially frivolous, substantially groundless, or substantially vexatious."  § 13-17-101.5(1), C.R.S.

15

2025. A claim is frivolous if "the proponent can present no rational argument based on the law or evidence to support it." *In re Estate of Becker*, 68 P.3d 567, 569 (Colo. App. 2003). A claim is groundless if the proponent "can offer little or no evidence" in support of it. *Consumer Crusade, Inc. v. Clarion Mortg. Cap., Inc.*, 197 P.3d 285, 289 (Colo. App. 2008) (citation omitted). A claim is vexatious if it is "brought or maintained in bad faith to annoy or harass another." *Id.* at 289-90.

¶ 37    As relevant here, the court shall consider the following factors in determining the amount of attorney fees awarded under section 13-17-102:

> (a) The extent of any effort made to determine the validity of any action or claim before said action or claim was asserted;
>
> . . . .
>
> (c) The availability of facts to assist a party in determining the validity of a claim or defense;
>
> (d) The relative financial positions of the parties involved;
>
> (e) Whether or not the action was prosecuted or defended, in whole or in part, in bad faith;
>
> (f) Whether or not issues of fact determinative of the validity of a party's claim or defense were reasonably in conflict;

16

(g) The extent to which the party prevailed with respect to the amount of and number of claims in controversy;

(h) The amount and conditions of any offer of judgment or settlement as related to the amount and conditions of the ultimate relief granted by the court.

§ 13-17-103, C.R.S. 2025.

¶ 38 A court may not assess fees against a self-represented litigant unless the court finds that the party knew or reasonably should have known that their actions lacked substantial justification. § 13-17-102(6).

¶ 39 We review a trial court's award of attorney fees under section 13-17-102 for an abuse of discretion. *In re Estate of Shimizu*, 2016 COA 163, ¶ 15. A trial court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or is based on a misunderstanding or misapplication of the law. *Id.*

## C. Analysis

¶ 40 As best we understand her, mother contends that the magistrate and the district court erred by concluding that her 2021 petition for review lacked substantial justification because (1) the satisfaction of judgment order didn't encompass the 2018 default

17

judgment, which is still listed as "unsatisfied" in the register of actions; (2) the magistrate disregarded mother's prior offers to settle the case; (3) the 2021 petition for review identified an "erroneous" support payment that father hadn't actually made; and (4) mother made nonfrivolous arguments regarding the proper calculation of interest. We aren't persuaded.

¶ 41 First, while mother contends that the existence of the 2018 default judgment justified some of her arguments, she doesn't appear to have raised the 2018 default judgment in the 2021 petition for review in any meaningful way.[5] Thus, the magistrate couldn't have relied on the 2018 default judgment (or mother's current arguments about it) when considering whether the 2021 petition for review was frivolous.

¶ 42 Second, mother doesn't explain — and we can't discern — how her purported offer to settle the case in 2018 could have any

---

[5] In her 2021 petition for review, mother said that "interest is due on the . . . 2018 [o]rder[], referenced the default judgment when discussing other arguments, and asked the district court to "[o]rder [father] to pay the full amount of the April 28, 2018 [default judgment]." However, these statements aren't sufficiently developed for the district court to have understood the argument mother makes here (i.e., that the satisfaction of judgment order didn't erase the 2018 default judgment).

bearing on whether her 2021 petition for review lacked substantial justification.  Her one-sentence argument that the settlement evidence "further undermines any claim that the [2021 petition for review] is unjustified" is conclusory, and we won't consider it further.  *See People v. Cuellar*, 2023 COA 20, ¶ 44 (we don't address undeveloped arguments); *In re Marriage of Dean*, 2017 COA 51, ¶ 31 (We don't consider arguments that "seek to expand upon . . . contentions . . . raised in [the] opening brief.").

¶ 43    Third, mother's arguments regarding the erroneous support payment and the interest rate may not have been frivolous standing alone.  But mother doesn't meaningfully contest the magistrate's conclusions that her 2021 petition for review lacked substantial justification because she (1) repeatedly raised arguments she hadn't raised before the magistrate; (2) cited exhibits that weren't properly admitted into evidence; and (3) filed duplicative petitions, necessitating two responses from father.  Nor does her supplemental opening brief develop any argument that the district court erred by concluding that she was or should reasonably have been aware of the groundless, frivolous, and vexatious nature of her

arguments.[6]  *See Cuellar*, ¶ 44; *see also Minshall v. Johnston*, 2018 COA 44, ¶ 21 (While we liberally construe pro se filings, "liberal construction does not include inventing arguments not made by the pro se party.").

¶ 44     For these reasons, we decline to reverse the portion of the November 30 order awarding father's attorney fees.

## VII.   Legal Effect of the Satisfaction of Judgment Order

### A.     Additional Facts

¶ 45     In the November 23 order denying the motion for disqualification, the magistrate explained, "On December 10, 2021, this Court issued a lengthy written order detailing findings and rulings related to child support arrearages.  Specifically, this Court found that there are no outstanding child support arrearages owed."  The district court expressed similar sentiments in adopting the magistrate's order.  Likewise, when describing the procedural history in the November 30 order, the magistrate said that, in 2018,

---

[6] Mother argues only that the district court's order is "internally inconsistent because it noted that mother may "lack comprehension of the written orders" but nevertheless should have been aware of the nature of her arguments.  This isn't sufficiently developed for us to address it.  *People v. Cuellar*, 2023 COA 20, ¶ 44.

father "filed a Motion for Satisfaction of Judgment arguing that he had paid all of the child support arrears and orthodontia bills." And in adopting that order, the district court said that the satisfaction of judgment order concluded that "there were no outstanding child support arrearages."

### B.    Analysis

¶ 46    Mother contends these statements are error. She argues generally that the satisfaction of judgment order doesn't pertain to all child support arrearages that were outstanding as of the date of the satisfaction of judgment was entered. In particular, she argues that the satisfaction of judgment order had no effect on the 2018 default judgment.

¶ 47    To the extent mother contests the wording of the satisfaction of judgment order itself, her appeal is untimely. Mother was required to file any appeal related to the satisfaction of judgment order within 49 days from March 17, 2022 (the day the order was adopted by the district court judge). In fact, mother *did* file a timely appeal of that order, and a division of this court affirmed. *In Interest of A.M.E.,* (Colo. App. No. 22CA0728, Mar. 9, 2023) (not published pursuant to C.A.R. 35(e)). We lack jurisdiction to hear

any further appeal related to the satisfaction of judgment order, and we cannot reverse it.

¶ 48    To the extent mother contends that the magistrate erred by reiterating the language of the satisfaction of judgment in the November 23 and November 30 orders (and that the district court erred by doing so when it adopted the magistrate's orders), we disagree.  As best we can discern, the magistrate and the district court didn't make any new findings, and it isn't error for a court to reference its findings and conclusions from prior orders.

¶ 49    In essence, mother asks us to declare the legal effect of the satisfaction of judgment order on prior orders in the case.  We decline to do so because our opinion would be merely advisory.  *See Stor-N-Lock Partners #15, LLC v. City of Thornton*, 2018 COA 65, ¶ 38 ("[W]e must avoid issuing advisory opinions.").  The only issues before the magistrate in the November 23 order were mother's request to disqualify the magistrate and mother's request for attorney fees.  And the only issue before the magistrate in the November 30 order was whether father was entitled to attorney fees incurred in connection with mother's 2021 petition for review.

¶ 50    To the extent that the 2018 default judgment is relevant to mother's contention that the magistrate erred by concluding that her 2021 petition for review lacked substantial justification, we have already addressed her claim. *See supra* Part VI.C. But apart from that, any opinion we would render about the legal effect of the satisfaction of judgment order would have no bearing on any of the issues before us. Accordingly, we decline to address it further. *See Stor-N-Lock Partners #15*, ¶ 38.

## VIII.  Requests for Appellate Attorney Fees and Costs

¶ 51    Mother requests that this court award her attorney fees "pursuant to C.A.R. 39.1 due to [father's] and counsel's misrepresentations and vexatious actions." We broadly construe mother's request as one for appellate attorney fees under section 13-17-102. Because we do not conclude that father's arguments lack substantial justification, we deny mother's request.

¶ 52    Father also requests his appellate attorney fees under section 13-17-101, C.R.S. 2025, and C.A.R. 38(b), 39, and 39.1. He asserts that mother has "unjustifiably extend[ed]" this case and caused him emotional distress.

¶ 53     We do not condone the way mother has pursued litigation in

this case.  We understand father's and the district court's

frustration about the expansion of proceedings and procedural

confusion caused by mother's repeated, often duplicative filings.

¶ 54     However, to a certain extent, we also understand mother's

apparent confusion regarding the relationship between the

satisfaction of judgment order and the court's prior orders.  As

noted above, although the satisfaction of judgment order referenced

the 2018 default judgment and implied that the default was

"inadvertently enter[ed]," it didn't explicitly vacate it.  And the 2018

default judgment still appears as an outstanding judgment in the

register of actions and is marked as "unsatisfied."  We again caution

that we express *no opinion* about whether the 2018 default

judgment is effective, whether it was implicitly vacated or rendered

moot by the satisfaction of judgment order, or whether it can be

acted upon.  We note this procedural history and the current state

of the register of actions only to explain why mother's confusion is,

at least to some degree, understandable.

¶ 55     For this reason, we decline to award father appellate attorney

fees.  *See Estate of Shimizu*, ¶ 34 (An award of appellate attorney

fees under section 13-17-102 "is appropriate only in clear and unequivocal cases where no rational argument is presented.").

¶ 56     Father requested — and is entitled to — his appellate costs. C.A.R. 39(a)(2) ("[I]f a judgment is affirmed, costs are taxed against the appellant.").  Because the trial court is better suited to undertake the factfinding necessary to determine the amount of appellate costs, we exercise our discretion to remand to the trial court to determine and award father his costs incurred on appeal. *See Bertoia v. Galaxy Mgmt. Co.*, 2025 COA 55, ¶ 95.

## IX.   Disposition

¶ 57     The orders are affirmed, and the case is remanded for further findings consistent with this opinion.

JUDGE FREYRE and JUDGE GROVE concur.