Edward ARTES–ROY and Kristie Artes–Roy, Plaintiffs–Appellants,

v.

Gary LYMAN, Defendant–Appellee.

No. 91CA1106.

Colorado Court of Appeals, Div. V.

May 21, 1992.

Rita M. Farry, Denver, for plaintiffs-appellants.

Watson, Nathan & Bremer, P.C., Daniel J. Torpy, Denver, for defendant-appellee.

Opinion by Chief Judge STERNBERG.

The plaintiffs, Edward and Kristie Artes–Roy, appeal the judgment of the trial court awarding attorney fees to defendant, Gary Lyman, pursuant to § 13–17–101, et seq., C.R.S. (1987 Repl.Vol. 6A). We reverse and remand.

Plaintiffs commenced this *pro se* action against defendant and his employer, Pitkin County, asserting a single claim for abuse of process. Plaintiffs' claim was based on the allegation that defendant, on behalf of the City of Aspen, had filed a civil action against them as retaliation for plaintiffs' initiation of a lawsuit in federal court.

After filing an answer, defendant moved for dismissal of the complaint. In support of his motion, defendant argued that plaintiffs' allegations were insufficient as a matter of law and that their claim was barred by the Governmental Immunity Act, § 24–10–101, et seq., C.R.S. (1988 Repl.Vol. 10A). Defendant also requested an award of attorney fees under § 13–17–102, C.R.S. (1987 Repl.Vol. 6A) on the ground that plaintiffs' claim lacked substantial justification. Plaintiffs did not respond to defendant's motion. Thereafter, plaintiffs voluntarily dismissed their claim against the county.

The trial court subsequently entered an order summarily dismissing plaintiffs' claim against defendant. In addition, the court took note of plaintiffs' failure to respond to defendant's motion and ruled that their claim was without substantial justification. Accordingly, the court concluded that defendant was entitled to an award of his reasonable attorney fees.

Following this ruling, defendant submitted an affidavit setting forth the attorney fees he had incurred in the matter. Plaintiffs again failed to respond, and the trial court entered judgment in the full amount requested by defendant. This appeal followed.

Under § 13–17–102, a trial court is required to award attorney fees if an action, or any part thereof, is found to be without substantial justification, *i.e.*, substantially frivolous, substantially groundless, or substantially vexatious. However, this statutory requirement is qualified by § 13–17–102(6), C.R.S. (1987 Repl.Vol. 6A) which provides that attorney fees may not be assessed against a party appearing without an attorney unless the court finds that the party clearly knew or "reasonably should have known" that the claims at issue lacked substantial justification.

It is undisputed that the plaintiffs in this case were appearing without an attorney; thus, the protection of § 13–17–102(6) applies to them. The trial court did not make the finding required by the statute that the plaintiffs knew or reasonably should have known that filing of the suit lacked substantial justification. Consequently, its judgment awarding attorney fees cannot stand.

The defendant argues, nevertheless, that, under C.R.C.P. 121 § 1–15(3), the court properly considered the motion for attorney fees to be confessed. That rule provides that "failure of a responding party to file a responsive brief may be considered a confession of the motion." In our view, this provision of the rule does not affect the requirement of § 13–17–101(6).

In arriving at this conclusion, we note that in *Seal v. Hart*, 755 P.2d 462 (Colo. App.1988), we held that the provisions of C.R.C.P. 121 concerning confession of a motion by not filing a response thereto have no application to a motion for summary judgment. In our view, by the same reasoning, it cannot be held that C.R.C.P. 121 takes precedence over the specific language of the statute. Thus, we hold that the requirement of § 13–17–106 concerning an award of attorney fees against a *pro se* party cannot be held to be confessed by failure to respond to a motion for fees.

The judgment is reversed, and the cause is remanded with directions to vacate the order awarding attorney fees.

NEY and RULAND, JJ., concur.