20CA1407 Bluebird v Johnson 12-02-2021 COLORADO COURT OF APPEALS Court of Appeals No. 20CA1407 Boulder County District Court No. 20CV30549 Honorable Bruce Langer, Judge Bluebird Botanicals, LLC, Plaintiff-Appellee, v. Jeremiah Desmond O’Leary, f/k/a Jeremiah Johnson, Defendant-Appellant. ORDER AFFIRMED Division I Opinion by JUDGE DUNN Dailey and Kuhn, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced December 2, 2021 Lewis, Brisbois, Bisgaard & Smith, LLP, Benjamin Hase, Denver, Colorado, for Plaintiff-Appellee Jeremiah Desmond O’Leary, Pro Se 
1 ¶ 1 Defendant, Jeremiah Desmond O’Leary, f/k/a Jeremiah Johnson (Mr. Johnson), appeals the district court’s order granting a preliminary injunction in favor of plaintiff, Bluebird Botanicals, LLC (Bluebird), restraining Mr. Johnson from disparaging Bluebird and barring him from disseminating and using Bluebird’s trade secrets or confidential information. We affirm. I. Background ¶ 2 In August 2018, Bluebird hired Mr. Johnson as a digital marketer.
1 When hired, Mr. Johnson signed an at-will employment and nondisclosure agreement (nondisclosure agreement), which, among other things, prohibited him from disseminating Bluebird’s trade secrets and confidential information and gave Bluebird “the right to injunctive relief” if he did so. ¶ 3 Bluebird terminated Mr. Johnson in September 2019. At that time, the parties entered a severance agreement and general release (severance agreement), under which Mr. Johnson received $2,000 in exchange for releasing “any and all claims” against Bluebird. 1 We take the facts from the parties’ pleadings. 
2 This agreement, too, included nondisclosure, nondisparagement, and confidentiality provisions. ¶ 4 In July 2020 — after learning Mr. Johnson had contacted one of its vendors and then contacted one of its customers (and allegedly provided the customer confidential information) — Bluebird sued Mr. Johnson for breach of contract, civil theft, and misappropriation of trade secrets, seeking injunctive relief and damages. ¶ 5 In response to Bluebird’s motion for injunctive relief, the district court entered an order temporarily restraining Mr. Johnson from contacting Bluebird’s clients and disseminating or using Bluebird’s confidential information. The court then set a hearing on Bluebird’s motion for a preliminary injunction. ¶ 6 After hearing testimony and considering the evidence, the court found Bluebird had “met its burden” and entered a preliminary injunction, restraining Mr. Johnson from disparaging Bluebird and disseminating or using its trade secrets and confidential information. 
3 ¶ 7 The court didn’t rule on the merits of Bluebird’s claims for breach of contract, civil theft, or misappropriation of trade secrets; those claims were still pending as of the date of the appeal. II. Analysis ¶ 8 Mr. Johnson contends the district court abused its discretion by granting the preliminary injunction. Because we perceive no abuse of discretion, we affirm. A. Legal Principles and Standard of Review ¶ 9 A preliminary injunction is a temporary form of equitable relief meant to preserve the status quo or to protect a party’s rights pending the final determination of a case on its merits. City of Golden v. Simpson, 83 P.3d 87, 96 (Colo. 2004); Gitlitz v. Bellock, 171 P.3d 1274, 1278 (Colo. App. 2007). ¶ 10 A district court may grant a preliminary injunction only if the moving party shows (1) a reasonable probability of success on the merits; (2) a danger of real, immediate, and irreparable injury which may be prevented by injunctive relief; (3) that there is no plain, speedy, and adequate remedy at law; 
4 (4) that the granting of a preliminary injunction will not disserve the public interest; (5) that the balance of equities favors the injunction; and (6) that the injunction will preserve the status quo pending a trial on the merits. Rathke v. MacFarlane, 648 P.2d 648, 653-54 (Colo. 1982) (citations omitted); accord Gitlitz, 171 P.3d at 1278. ¶ 11 We review a district court’s decision to grant a preliminary injunction for an abuse of discretion. Markwell v. Cooke, 2021 CO 17, ¶ 21. Thus, we will only overturn the court’s decision if it’s manifestly arbitrary, unreasonable, or unfair, or a misapplication of the law. Bill Barrett Corp. v. Lembke, 2018 COA 134, ¶ 15, aff’d on other grounds, 2020 CO 73. And we will uphold the district court’s factual findings “unless they are so clearly erroneous as to find no support in the record.” Id. at ¶ 16. B. The District Court’s Order ¶ 12 At the preliminary injunction hearing, Mr. Johnson testified, as did Bluebird’s Chief People Officer and a cybersecurity investigator. The parties also introduced several exhibits. In its detailed written order, the court summarized the evidence and made the following findings of fact: 
5 • Mr. Johnson “breached several sections [of the nondisclosure agreement] . . . by emailing a spreadsheet to [a Bluebird customer] containing [Bluebird’s] customer order information, pricing history, payment type information and other confidential information,” which Bluebird’s Chief People Officer testified were trade secrets. • Mr. Johnson “breached several sections of the [s]everance [a]greement” by disparaging Bluebird in emails to a Bluebird customer and a Bluebird marketing vendor. • Specifically, the email to the marketing vendor “was disparaging in that it alleged criminal and unethical behavior by [Bluebird] and negatively impacted the business relationship between [the vendor] and [Bluebird].” • Mr. Johnson “acknowledged that he signed the [s]everance [a]greement” but had “claimed that he did not have to follow the [s]everance [a]greement.” • Mr. Johnson admitted he contacted the vendor. • Mr. Johnson admitted he “downloaded” Bluebird’s data and emails but claimed that he didn’t need “prior written consent in order to disclose [Bluebird’s] data.” 
6 • Mr. Johnson “continues to believe that he has the right to reach out to [the customer].” ¶ 13 Based on those findings, the court then applied the proper six- factor test and concluded Bluebird had satisfied its burden to show preliminary injunctive relief was warranted. See Rathke, 648 P.2d at 653-54; Gitlitz, 171 P.3d at 1278. C. The District Court Acted Within its Discretion ¶ 14 To start, Mr. Johnson generally disputes the district court’s findings on “all six elements.” But because the record doesn’t include the preliminary injunction hearing transcript, we must presume the missing transcript supports the district court’s findings and conclusions. See Hock v. N.Y. Life Ins. Co., 876 P.2d 1242, 1252 (Colo. 1994) (“An appellate court must presume that the [district] court’s findings and conclusions are supported by the evidence when the appellant has failed to provide a complete record.”); accord Sovde v. Scott, 2017 COA 90, ¶ 43. With this in mind, we consider the court’s findings and conclusions on each preliminary injunction factor. ¶ 15 First, the court found Bluebird demonstrated a reasonable probability of success on the merits because Mr. Johnson admitted 
7 to downloading and distributing Bluebird’s trade secrets and continued to believe he had the right to reach out to a Bluebird customer. Though Mr. Johnson disagrees that the disclosed information constituted trade secrets, the court’s finding is based on witness testimony (which we presume has record support) and the nondisclosure and severance agreements. Thus, we may not disturb this finding. See Woodbridge Condo. Ass’n v. Lo Viento Blanco, LLC, 2020 COA 34, ¶ 24, aff’d, 2021 CO 56; see also Hock, 876 P.2d at 1252. And to the extent Mr. Johnson contends his actions were justified to report Bluebird’s “unlawful business practices,” that doesn’t negate the court’s findings that he admitted to disseminating Bluebird’s trade secrets. ¶ 16 Second, the court found Mr. Johnson’s actions presented “a danger of real, immediate, and irreparable injury to” Bluebird. Specifically, the court found that Mr. Johnson’s disparaging comments to Bluebird’s vendor “impacted [Bluebird’s] business relationship” with the vendor and that transmitting trade secrets to Bluebird’s customer created “a danger of real and irreparable injury . . . should the loss or even temporary cessation of the business relationship with [the customer] occur.” Mr. Johnson doesn’t 
8 contest these findings but argues the court erred because it failed to apply “standing, mootness, and ripeness.” But we’re unaware of any authority — and Mr. Johnson points us to none — stating that those justiciability doctrines are related to this second injunctive factor.
2 Nor do we see any obvious jurisdictional concerns. ¶ 17 Third, the court found no plain, speedy, and adequate remedy at law because Bluebird couldn’t guarantee that additional instances of disparagement or transmission of trade secrets wouldn’t occur “given [Mr. Johnson’s] admitted conduct and prior history.” The court also reasoned that monetary damages “are difficult or impossible to ascertain when trade secrets are disseminated,” and “the impacts from disparagement upon [Bluebird’s] business relationships and reputation cannot be realized until it has already occurred.” Mr. Johnson says this was error because “no actual damages were shown” and “courts should refuse to consider uncertain or contingent future matters that suppose speculative injury that may never occur.” But, as the 2 To the extent Mr. Johnson contends Board of Directors, Metro Wastewater Reclamation District v. National Union Fire Insurance Co. of Pittsburgh, 105 P.3d 653, 656 (Colo. 2005) is instructive, we are unpersuaded as that case doesn’t involve a preliminary injunction. 
9 district court correctly found, “[a]n injury may be irreparable . . . where monetary damages are difficult to ascertain or where there exists no certain pecuniary standard for the measurement of the damages.” Gitlitz, 171 P.3d at 1279; see also Kroupa v. Nielsen, 731 F.3d 813, 820 (8th Cir. 2013) (“Because damage to one’s reputation is a harm that cannot be remedied by a later award of money damages, the threat of reputational harm may form the basis for preliminary injunctive relief.”). ¶ 18 Fourth, the court recognized a “public interest in employees being able to bring forth complaints against employers, and to disclose illegal activity to law enforcement.” But the court concluded that doing so doesn’t require either the unauthorized distribution of trade secrets or the disparagement of the employer. It therefore found that a preliminary injunction wouldn’t disserve the public interest. Though Mr. Johnson contends Bluebird’s “public health violations” and “unauthorized practice of medicine” do disserve the public interest, the district court correctly concluded that Mr. Johnson may report any concerns about Bluebird’s practices without disparaging Bluebird or disseminating 
10 its trade secrets. The court’s findings are therefore not manifestly unreasonable or unfair. ¶ 19 Fifth, the court found the balance of equities favors granting the injunction, emphasizing it was not entering a final judgment in the dispute. Mr. Johnson contends he has the right to report unlawful business practices as a “whistleblower.” But the preliminary injunction doesn’t prevent him from pursuing his whistleblower claims. Rather, it prevents him from disparaging Bluebird and disseminating its trade secrets. Also, as the court pointed out, “[a] law enforcement agency or governmental entity conducting an investigation has the power of subpoena should the release of confidential information be required.” ¶ 20 And sixth, the court found a preliminary injunction would preserve the status quo by “[p]reventing further transmission of [Bluebird’s] trade secrets and disparagement.” As best we can tell, Mr. Johnson doesn’t appear to contest this factor. The status quo means, of course, that Mr. Johnson has the right to raise his defenses to Bluebird’s claims during the litigation of those claims. The district court’s findings after the “preliminary injunction hearing are not determinative of the ultimate merits of the case.” 
11 Phoenix Capital, Inc. v. Dowell, 176 P.3d 835, 839 (Colo. App. 2007).
3 ¶ 21 Given all this, we can’t say the court abused its discretion by granting the preliminary injunction. See Sanger v. Dennis, 148 P.3d 404, 419 (Colo. App. 2006) (concluding that because the record supported the district court’s findings, the court didn’t abuse its discretion by granting the preliminary injunction). III. Other Issues ¶ 22 Mr. Johnson also appears to raise other issues beyond his challenge to the preliminary injunction order. To the extent he does, nothing else is before us. The sole final, appealable order challenged in the notice of appeal is that addressing the request for injunctive relief. See C.A.R. 1(a)(3) (a preliminary injunction is appealable as a final order); see also Sanger, 148 P.3d at 409 (“A preliminary injunction is considered to be a final order and is appealable under C.A.R. 1(a)(3).”). And to the extent Mr. Johnson raises arguments not presented to — or ruled on by — the district court, we decline to consider them. See Est. of Stevenson v. 3 We express no opinion on the merits of Bluebird’s claims or Mr. Johnson’s defenses. 
12 Hollywood Bar & Cafe, Inc., 832 P.2d 718, 721 n.5 (Colo. 1992) (arguments not considered and ruled on by the district court are not preserved for appellate review); see also Gf Gaming Corp. v. Taylor, 205 P.3d 523, 528 (Colo. App. 2009). IV. Appellate Attorney Fees ¶ 23 Bluebird requests attorney fees and costs under C.A.R. 38, arguing Mr. Johnson’s appeal is frivolous and “primarily comprised of non-appealable issues that have been recycled from countless, repetitive filings.” Bluebird also says Mr. Johnson falsely stated that he (1) “preserved issues” and (2) “raised arguments at the time of the preliminary injunction hearing.” ¶ 24 A self-represented party shall not be assessed attorney fees except upon a finding that the “party clearly knew or reasonably should have known” that his appeal was “substantially frivolous, substantially groundless, or substantially vexatious.” § 13-17-
102(6), C.R.S. 2021; see also Artes-Roy v. Lyman, 833 P.2d 62, 63 (Colo. App. 1992) (reversing an attorney fee judgment against the self-represented plaintiffs because the trial court didn’t find “the plaintiffs knew or reasonably should have known that filing of the suit lacked substantial justification”). 
13 ¶ 25 Bluebird doesn’t contend that Mr. Johnson “clearly knew or reasonably should have known” that his appeal was frivolous. Nor can we conclude he did. After all, the district court told Mr. Johnson that he could file an appeal if he believed the court erred by granting the preliminary injunction. That Mr. Johnson doesn’t precisely understand the contours of issue preservation reflects his self-represented status, rather than an obvious effort to pursue a knowingly frivolous appeal. ¶ 26 We thus deny Bluebird’s request for appellate attorney fees and single or double costs under C.A.R. 38. And to the extent Mr. Johnson requests “damages and legal fees,” we likewise deny that request. V. Conclusion ¶ 27 We affirm the order granting Bluebird’s request for a preliminary injunction. JUDGE DAILEY and JUDGE KUHN concur.