24CA0505 Zabka v Aspen 07-03-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0505
Eagle County District Court No. 23CV1
Honorable Paul R. Dunkelman, Judge

Robert K. Zabka,

Plaintiff-Appellant,

v.

Aspen at Streamside Condominium Association, a Colorado nonprofit
corporation,

Defendant-Appellee.

ORDER AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division I
Opinion by JUDGE J. JONES
Kuhn and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 3, 2025

Robert K. Zabka, Pro Se

Sweetbaum Miller PC, Alan D. Sweetbaum, Andrew S. Miller, Mike F. Foster,
Denver, Colorado, for Defendant-Appellee

¶ 1     Plaintiff, Robert K. Zabka, appeals the district court's order awarding attorney fees to defendant, Aspen at Streamside Condominium Association (the Association).  We affirm the order and remand the case to the district court to determine the amount of the Association's reasonable attorney fees and costs incurred on appeal.

## I.     Background

¶ 2     Zabka sued the Association after its governing board voted to declare its timeshare units — one of which Zabka owned — obsolete and sold the property, distributing the sales proceeds to the former owners.  He asserted eight claims, two of which were based on the Association's Declaration.

¶ 3     The district court dismissed or granted summary judgment in the Association's favor on all of Zabka's claims.  The Association then moved for an award of its attorney fees under section 38-33.3-123(1)(c), C.R.S. 2024, of the Colorado Common Interest Ownership Act (CCIOA).  Zabka didn't respond to the motion.

¶ 4     The court granted the Association's motion, awarding it $69,894.80 in attorney fees expressly under section 38-33.3-123(1)(c).

## II. Discussion

¶ 5 Zabka argues on appeal that the court erred by awarding attorney fees to the Association because it didn't find that he "knew or reasonably should have known that [his] action . . . , or any part of [his] action . . . , was substantially frivolous, substantially groundless, or substantially vexatious," as required by section 13-17-102(6), C.R.S. 2024.

¶ 6 Zabka failed to preserve this contention for appeal. As noted, he didn't file any response to the Association's motion for attorney fees and costs. Nor did he otherwise alert the district court to the issue he now raises on appeal. Contrary to Zabka's assertion in his opening brief, he isn't exempt from the preservation requirement merely because he has been representing himself. *See Makeen v. Hailey*, 2015 COA 181, ¶¶ 41-43. Therefore, we aren't required to address Zabka's contention. *See Est. of Stevenson v. Hollywood Bar & Cafe, Inc.*, 832 P.2d 718, 721 n.5 (Colo. 1992).

¶ 7 To the extent Zabka asserts that the issue is preserved simply because the court failed to make the requisite finding under section 13-17-102(6), he is mistaken. A claim of error isn't preserved just

because a party claims on appeal that the district court erred. Such "reasoning" renders the preservation requirement a nullity.

¶ 8 *Artes-Roy v. Lyman*, 833 P.2d 62 (Colo. App. 1992), on which Zabka relies, doesn't support his position. That case involved a request for fees under section 13-17-102. The division held that even if a party could confess a motion under that statute, the court could not award fees without making the finding required by section 13-17-102(6), so the appellant could raise the failure to make that finding on appeal. *Id.* at 63. As discussed below, section 13-17-102(6) doesn't apply to this case, and CCIOA doesn't have the same sort of limitation on awarding fees against self-represented parties.

¶ 9 Zabka's assertion that filing a notice of appeal preserves an issue for appellate review fares no better. *Am. Fam. Mut. Ins. Co. v. Allen*, 102 P.3d 333, 340 n.10 ("Arguments not raised before the trial court may not be raised for the first time on appeal.").

¶ 10 But lack of preservation isn't the only problem with Zabka's argument. He assumes, without citing any legal authority, that section 13-17-102(6) applies to awards of attorney fees under section 38-33.3-123(1)(c). It doesn't. Section 13-17-102(6) only applies to awards of fees under 13-17-102, the so-called frivolous

and groundless statute. *See* § 13-17-102(1), (2); *see also* § 13-17-101, C.R.S. 2024 (the statute applies "when the bringing or defense of an action, or part thereof . . . , is determined to have been substantially frivolous, substantially groundless, or substantially vexatious"). Neither section 38-33.3-123(1)(c) nor any other provision of CCIOA requires the sort of findings dictated by 13-17-102(6) when a party seeks an award of attorney fees against a self-represented party under section 38-33.3-123(1)(c). *See People v. Brown,* 2019 CO 50, ¶ 17 (we don't add language to a statute).

### III. The Association's Attorney Fees and Costs

¶ 11 The Association requests an award of its reasonable attorney fees and costs incurred on appeal under section 38-33.3-123(1)(c). Because the Association has prevailed on appeal, it is entitled to such an award. *See Far Horizons Farm, LLC v. Flying Dutchman Condo. Ass'n,* 2023 COA 99, ¶ 39; *Accetta v. Brooks Towers Residences Condo. Ass'n,* 2021 COA 147M2, ¶¶ 50-51.[1] We exercise our discretion under C.A.R. 39.1 to remand the case to the

---

[1] The Association is also entitled to an award of its costs incurred on appeal under C.A.R. 39(a)(2).

district court for a determination of the amount of the Association's reasonable attorney fees and costs incurred on appeal.

## IV. Disposition

¶ 12 The order is affirmed. The case is remanded for the district court to determine the amount of the Association's reasonable attorney fees and costs incurred on appeal.

JUDGE KUHN and JUDGE MOULTRIE concur.