25CA1707 Marriage of Buttner 05-14-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA1707
El Paso County District Court No. 22DR31321
Honorable Frances Johnson, Judge

In re the Marriage of,

Kelley E. Buttner

Appellee,

and

Ryan Buttner,

Appellant.

ORDERS REVERSED IN PART AND VACATED IN PART

Division III
Opinion by JUDGE MOULTRIE
Dunn and Harris, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 14, 2026

No Appearance for Appellee

Ryan Buttner, Pro Se

¶ 1      In this post-dissolution of marriage case involving Ryan Buttner (husband) and Kelley E. Buttner (wife), husband appeals the district court's May 21, 2025, order granting wife's request for attorney fees under section 13-17-102, C.R.S. 2025, and its July 22, 2025, order awarding the amount. We reverse the portion of the May 2025 order awarding attorney fees and vacate the July 2025 order.

## I. Background

¶ 2      In 2022, wife petitioned to dissolve the parties' one-year marriage. As part of the July 2023 permanent orders, the district court found that the marital home was worth $635,000 and was encumbered by a $453,694 mortgage, leaving $181,306 in equity. The court awarded the home to husband and, as relevant here, gave him two options:

1. Within four months, husband could refinance or assume the mortgage solely in his name and pay wife her share of the home's equity minus the equalization amount she owed him.

2. If husband was unable or chose not to refinance or assume the mortgage, the marital home was to be listed

for sale no later than twenty-one days after that determination. The parties would equally share the expenses associated with preparing the home for sale and closing costs, and they would equally divide the proceeds after all expenses and fees were deducted. If the home sold, wife would not receive the home's value as of the date of the written order minus the equalization amount; instead, she would receive her share of the net sale proceeds, less the equalization amount.

¶ 3    In early 2024, husband notified the district court that he was unable to refinance or assume the mortgage. As a result, the court ordered that the marital home be listed for sale.

¶ 4    In April 2025, wife moved to clarify the permanent orders. She alleged that husband intended to calculate the parties' equity using the value of the mortgage at the time of the 2023 permanent orders when evaluating a recent offer to purchase the martial home for $600,000. According to her, that interpretation was clearly inconsistent with the permanent orders because, when the home sold, the parties were to use the current mortgage balance in determining the net proceeds. She asserted that husband was

attempting to reimburse himself for mortgage payments he had made post-dissolution. She sought an order stating that once the home sells, the mortgage deducted from the sale price must be the outstanding mortgage balance at the time of the sale. She then asked for attorney fees under section 13-17-102, arguing that husband's refusal to follow the court's "clearly worded" permanent orders was groundless and left her with no choice but to file the motion.

¶ 5    Husband responded that he was entitled to a credit for the mortgage payments he had made since the permanent orders because those payments preserved the home. He also argued that, as a pro se party, his conduct didn't justify an award of attorney fees.

¶ 6    The district court, noting its prior order requiring husband to refinance/assume the mortgage within four months or list the home for sale, said it "did not contemplate in July 2023 that it would or could take nearly two years for the marital home to sell and thus did not include a provision for reimbursement of mortgage or other home fees" beyond that time. The court then determined that husband's interpretation of the permanent orders was groundless

3

and, as a result, granted wife's request for attorney fees under section 13-17-102. Wife later filed a fee affidavit. Over husband's objection, the court awarded her $1,618.50 in attorney fees.

## II.    Section 13-17-102 Attorney Fees

¶ 7    Husband contends that the district court erred by granting wife her attorney fees under section 13-17-102 because the court didn't consider the standards applicable to a pro se party. We agree.

¶ 8    We review a district court's award of attorney fees for an abuse of discretion. *See In re Parental Responsibilities Concerning D.P.G.*, 2020 COA 115, ¶ 32. A court abuses its discretion when it misapplies the law or acts in a manifestly arbitrary, unreasonable, or unfair manner. *Id.* However, we review de novo whether the court correctly applied the law. *Id.*

¶ 9    To assess attorney fees against a pro se party, a court must find, as relevant here, that "the party clearly knew or reasonably should have known" that their action, defense, or any part thereof was "substantially groundless." § 13-17-102(6); *see also In re Estate of Shimizu*, 2016 COA 163, ¶ 19 (the allegations supporting a claim are "substantially groundless" if they aren't supported by

credible evidence).  Absent this finding, an order "awarding attorney fees cannot stand."  *Artes-Roy v. Lyman*, 833 P.2d 62, 63 (Colo. App. 1992).

¶ 10    Because husband was pro se, the district court was required to find that he clearly knew or reasonably should have known that his interpretation of the permanent orders lacked substantial justification.  *See* § 13-17-102(6).  But the court didn't make that finding.  Nor did it reference section 13-17-102(6) before awarding attorney fees against him.  Thus, we reverse the order granting wife $1,618.50 in attorney fees and remand the case to the district court to vacate that award.  *See Artes-Roy*, 833 P.2d at 63.  Given our disposition, we need not address husband's related argument that a fee award was unwarranted.

## III.    Disposition

¶ 11    We reverse the portion of the district court's May 21, 2025, order granting wife's attorney fees request and vacate its July 22, 2025, order awarding the fee amount.  The portions of the court's May 21, 2025, that are not challenged on appeal remain undisturbed.

JUDGE DUNN and JUDGE HARRIS concur.